1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                          AT TACOMA

8   GABRIELLA V., on behalf of minor M.I.,

9                         Plaintiff,              Case No. C24-5797-MLP

10          v.                                    ORDER

11  COMMISSIONER OF SOCIAL SECURITY,

12                        Defendant.

13

14                    I.      INTRODUCTION

15          Plaintiff, through his mother, seeks review of the denial of his application for

16  Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by

17  relying on testimony from an unqualified medical consultant. (Dkt. # 9.) The Commissioner filed

18  a response arguing that the ALJ's decision is free of legal error, supported by substantial

19  evidence, and should be affirmed. (Dkt. # 15.) Plaintiff did not file a reply. Having considered

20  the ALJ's decision, the administrative record ("AR") and the parties' briefing, the Court

21  AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

22

23

---

[1] The parties' consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II.     BACKGROUND

Plaintiff was born in 2017 and was six years old at the time of the most recent administrative hearing. AR at 457. A claim for benefits was filed on Plaintiff's behalf in October 2019. *Id.* at 181-86. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 72, 82. After the ALJ conducted a hearing in May 2021, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 10-26, 32-47.

After the Appeals Council denied Plaintiff's request for review, Plaintiff appealed the denial of his claim to this Court in August 2022. AR at 563. In January 2023, this Court entered an Order granting the parties' stipulated motion to remand Plaintiff's claim for development of the record and further proceedings. *Id.* at 570-72. After the ALJ conducted a hearing in May 2024, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 453-70, 501-34.

Pursuant to the "whole child" analysis,[2] the ALJ found, in pertinent part, Plaintiff had less than marked limitations in acquiring and using information, attending and completing tasks, interacting and relating with others, and in the ability to care for himself; and no limitations in moving about and manipulating objects or in health and physical well-being. AR at 461-62.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III.     LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined

---

[2] 20 C.F.R. §§ 416.925, 416.926, 416.929; Social Security Ruling ("SSR") 09-1p.

1    as "such relevant evidence as a reasonable mind might accept as adequate to support a

2    conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this

3    standard, the Court must consider the record as a whole to determine whether it contains

4    sufficient evidence to support the ALJ's findings. *Id.*

5        Although the Court evaluates the record as a whole, it is not permitted to reweigh the

6    evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th

7    Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical

8    evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the

9    evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld.

10   *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the

11   disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party

12   challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v.*

13   *Sanders*, 556 U.S. 396, 409 (2009).

14                          **IV.    DISCUSSION**

15       Plaintiff argues that the ALJ erred by relying on testimony from Michael Lace,[3] Psy.D.,

16   who, according to Plaintiff, was not a qualified specialist under *Howard ex rel. Wolff v.*

17   *Barnhart*, 341 F.3d 1006 (9th Cir. 2003). (Dkt. # 9 at 7-12.) In *Howard*, the Ninth Circuit held

18   that, regarding benefits for a child claimant, the Commissioner "*shall make reasonable efforts* to

19   ensure that a qualified pediatrician *or other individual who specializes in a field of medicine*

20   *appropriate to the disability of the individual* (as determined by the Commissioner of Social

21

22

23   ───────────────

[3] The Court notes that Plaintiff challenges "Dr. Mace's" testimony (dkt. # 9 at 9-13), which appears to be a scrivener's error, as there is no Dr. Mace in the record. The substance of Plaintiff's argument pertains to Dr. Lace's testimony and qualifications.

Security) evaluates [as a whole] the case of such individual." 341 F.3d at 1013-14 (emphasis in original); *see also* Acquiescence Ruling 04-1(9), *available at* 2004 WL 875081.

Initially, Plaintiff contends that Dr. Peterson, who testified at the November 2023 hearing, did not meet the qualifications for testifying in child cases. (Dkt. # 9 at 8-9.) Plaintiff claims this is relevant because he argues that Dr. Lace was no more qualified to provide testimony at the May 2024 hearing than Dr. Peterson was previously. (*Id.*) However, contrary to Plaintiff's assertions, the ALJ explicitly found that Dr. Peterson was qualified and followed his recommendation to postpone the hearing to further develop the record. AR at 497–99.

Plaintiff also asserts that Dr. Lace lacked sufficient specialization in child psychology and only had ancillary experience treating children, which he claims did not meet the requirements of the Appeals Council's remand order. (Dkt. # 9 at 10.) In this regard, Plaintiff implies that such requirements could only be satisfied by someone with specialized training in child psychology. The relevant question, however, is whether the ALJ reasonably ensured that a qualified specialist appropriate to Plaintiff's disability evaluated the longitudinal record. *Howard*, 341 F.3d at 1013-14.

Dr. Lace is a licensed psychologist with a major in clinical psychology. AR at 932. His extensive experience includes providing psychological services to children and adolescents across various settings, including acute care adolescent psychiatric units, residential treatment facilities, outpatient clinics, and private practice. *Id.* at 529-30, 932-36. He has evaluated children from ages three to six and conducted court-related evaluations involving children, often in connection with hospitalization or other institutional settings. *Id.* He has also provided individualized therapy, family therapy, and play therapy for children over the years. *Id.* Based on

this experience, the ALJ properly found that Dr. Lace was qualified to provide testimony in the instant matter. *See Smartt*, 53 F.4th at 494-95.

In sum, Dr. Lace reviewed the longitudinal record, considered Plaintiff's testimony, and provided a medical opinion. AR at 506, 513-30, 932-36. The ALJ reviewed this evidence and concluded that Plaintiff had less than marked limitations, or no limitations, in all functional domains. *Id.* at 462. Plaintiff has not demonstrated any error in this regard, and substantial evidence supports the ALJ's determination.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this <u>22nd</u> day of May, 2025.


MICHELLE L. PETERSON
United States Magistrate Judge